NO. 07-09-00058-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
29, 2010

 



 

BUD PURDY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 84TH DISTRICT COURT OF HUTCHINSON
COUNTY;

 

NO. 10,199; HONORABLE WILLIAM D. SMITH, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Bud Purdy, was convicted
of aggravated assault with a deadly weapon[1]
and sentenced to serve 18 years in the Institutional Division of the Texas
Department of Criminal Justice (ID-TDCJ). 
Appellant appeals contending that the evidence is factually insufficient
to support the judgment.  We reverse.

 

 

Factual
Background

On April 24, 2008, Skyler Hogan was walking to the home of his friend, Stetson
Reeves, in Fritch, Texas.  As Skyler walked down Bonner Street in Fritch, he was
approached by appellant, who asked, “Are you the owner of a red truck?”  Skyler advised
appellant that he did not own a red truck but that his uncle did.  Appellant then stated that Skyler’s uncle owed him “$500 and jail time.”[2]  As Skyler and
appellant continued to face each other, appellant became more and more
agitated.  Eventually, appellant pulled a
knife out of his pants pocket.  Skyler testified that he did not get a real good look at
the knife but he described it as being about 1 inch wide, tapered to a sharp
point, and had a blade that was estimated at three inches long.[3]  Skyler further
testified that during the time appellant was holding the open knife, appellant
kept saying “I’ll stab you, I’m crazy” or “I’m psycho, I’ll stab you.”  In describing how he reacted to appellant’s
statements, Skyler explained that it caused him
concern.  Later, during further
examination by the State, Skyler said that the open
knife caused him to feel threatened.  Skyler did admit that, at one point during the
confrontation with appellant, he told appellant to put the knife away and that
he did not know why appellant would want to stab him.  As Skyler’s friend,
Stetson Reeves, walked up, appellant put the knife back in his pocket and
walked away.    

Approximately a week after the
confrontation, Deputy Eric Munoz, of the Hutchison County Sheriff’s Office went
to appellant’s home and began visiting with him about the assault on Skyler.  Initially,
Munoz suspected appellant’s roommate, Charles Beaver, was the assailant.  However, Munoz testified that as he spoke
with appellant about the incident, appellant began acting extremely
nervous.  After observing appellant’s
demeanor, Munoz began focusing his questions on appellant having been the
assailant.  Appellant then admitted that
he was the one who approached Skyler, however, he denied ever pulling a knife.  After initially confronting appellant, Munoz
called Skyler on a cell phone and had him come to the
location where Munoz was interviewing appellant.  Upon seeing appellant, Skyler
advised Munoz that appellant was the man who had assaulted him.  

Munoz continued to interview
appellant and positioned his patrol car such that he was able to record a
significant portion of the interview. 
During the interview, appellant admitted that he did confront Skyler about someone owing him $500 and 15 days because of
the fine and jail sentence he had received in the earlier assault case.  Ultimately, Munoz presented a report of his
investigation to the Hutchinson County District Attorney, and appellant was
indicted for the instant offense.  A jury
convicted appellant and sentenced him to serve 18 years confinement in the
ID-TDCJ.  

            Appellant
has perfected his appeal and alleges that the evidence was factually
insufficient to sustain the judgment in two particulars.  First, appellant alleges that the evidence
was insufficient to show that the knife at issue was a deadly weapon.  Second, appellant alleges that the evidence
was insufficient to prove that Skyler was in fear of
imminent bodily injury or death. 
Agreeing with appellant on the issue of the deadly weapon, we reverse
the judgment of the trial court.

Standard of Review

            When
an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the
evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt. 
See Watson v. State, 204 S.W.3d 404,
415 (Tex.Crim.App. 2006).  In performing a factual sufficiency review,
we must give deference to the fact finder’s determinations if supported by
evidence and may not order a new trial simply because we may disagree with the
verdict.  See id. at 417.  As an
appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jury’s verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jury’s
verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).  The Texas Court of Criminal Appeals has
recently declared that, when reviewing the evidence for factual sufficiency,
the reviewing court should measure the evidence in a neutral manner against a
“hypothetically correct jury charge.”  Vega
v. State, 267 S.W.3d 912, 915 (Tex.Crim.App.
2008) (citing Wooley v. State, 273
S.W.3d 260, 268 (Tex.Crim.App. 2008)).

 

 

Analysis

            In
order to convict appellant of the indicted offense, the State was required to
prove that: 1) appellant, 2) on or about April 24, 2008, 3) intentionally and
knowingly, 4) used a deadly weapon, to-wit, a knife, 5) that in the manner of
its use and intended use was capable of causing imminent bodily injury or
death, 6) and did threaten Skyler Hogan with imminent
bodily injury by the use of the deadly weapon. 
Appellant’s two contentions regarding the factual sufficiency of the
evidence involve the evidence supporting the jury verdict that the knife in
question was a deadly weapon and whether Skyler was
in fear of imminent bodily injury.  We
will address only the deadly weapon issue.

Deadly Weapon

            A
knife is not defined as a “per se” deadly weapon in the Penal Code.  See Tex.
Penal Code Ann. § 1.07(a)(17)(A) (Vernon 2008);
Jaramillo v. State, No. 07-08-0148-CR, 2009 Tex.App.
LEXIS 1781, at *7 (Tex.App.—Amarillo
March 13, 2009, no pet.) (not designated for
publication) (citing Thomas v. State, 821
S.W.2d 616, 619 (Tex.Crim.App. 1991)).  Rather, the State must prove that, in the
manner of its use and intended use, the knife is capable of causing death or
serious bodily injury.  See Tex. Penal Code Ann. § 1.07(a)(17)(B); Jaramillo, 2009 Tex.App.
LEXIS 1781, at *7. 
When addressing the issue of whether an instrumentality is a deadly
weapon, in this case a knife, under Section 1.07(a)(17)(B), the Texas Court of
Criminal Appeals has written that the “placement of the word ‘capable’ is
crucial to understanding this method of determining deadly-weapon status.”  Tucker v. State, 274 S.W.3d 688, 691 (Tex.Crim.App. 2008). 
The State is not required to prove that the knife’s use or intended use
actually caused death or serious bodily injury but that the use or intended use
is capable of causing death or serious bodily injury.  Id. 


In Tucker, the operative facts
were that the victim had received two puncture wounds.  Id. at 688.  This fact pattern led the court to state
that, “the injuries suffered by the victim can by themselves
be a sufficient basis for inferring that a deadly weapon was used.”  Id. at 691-92.  Because the Texas Court of Criminal Appeals felt
that the court of appeals failed to take into account all of the facts, most
especially the stab wounds of the victim, the decision of the court of appeals
was reversed and the evidence was found to be legally sufficient to support the
jury’s verdict of guilty to the charge of aggravated assault with a deadly
weapon.  Id. at
92. 

            Subsequent
to the Tucker opinion, this court, in Jaramillo, considered the
factual sufficiency of the evidence to support a jury verdict of guilty of
aggravated assault where the operative question was whether or not the weapon
used, a knife, was a deadly weapon.  See
Jaramillo, 2009 Tex.App. LEXIS
1781, at *1.  As in the case
currently before the court, no knife was ever introduced into evidence.  The evidence regarding the nature of the
knife was that the victim testified that the defendant stuck a knife in the
back of her ear.  Id.  Further, upon arrival at the emergency room,
the victim presented with a stab wound to the upper chest.  Id. at *13.  The only testimony regarding the
characteristics of the knife in Jaramillo came from the defendant’s
roommate, who testified the defendant carried a gray knife with a little hooked
point on the end.  Id.
at *7.  Relying on Tucker
we held that, even without more testimony regarding the characteristics of the
knife in question, the wounds suffered by the victim were enough to make the
evidence factually sufficient to support the jury’s verdict.  Id. at *15-*16.

            In
the case at bar, we find no injuries to the victim.  Tucker, 274 S.W.3d
at 691-92.  We have no expert
testimony regarding the characteristics of the knife in question. See Rogers
v. State, 877 S.W.2d 498, 500 (Tex.App.—Fort
Worth 1994, pet. ref’d) (actual knife not introduced
but similar knife introduced with expert police testimony that such a knife was
capable of causing serious bodily injury). We have very little testimony
regarding the physical description of the knife in question.  See Brown v. State, 716 S.W.2d 939, 946 (Tex.Crim.App.
1986).  Further, the proximity of
appellant to Skyler was such as to make a finding of
a deadly weapon less likely.  See Tisdale
v. State, 686 S.W.2d 110, 115 (Tex.Crim.App.
1983).  

            In
the case before us, the victim, Skyler, suffered no
wounds.  In fact, Skyler’s
testimony was that the knife never touched him. 
From the record, it appears that appellant kept the knife in question
down by his side the entire time he confronted Skyler.  Skyler testified
that he could not see the knife clearly and could not describe exactly what it
looked like.  Further, the only evidence
regarding the characteristics of the knife was a small amount of comparison
testimony when Skyler was shown a ballpoint pen and
estimated that the blade of the knife was about as long as the bottom part of
the pen.  Subsequently, the State’s
attorney measured this length to be about three inches.  When asked if he could tell how sharp the
knife was, Skyler said he could not.  The record is not clear regarding the
proximity of appellant to Skyler.     

 
Based upon the record we have been presented with, the jury’s decision
to find appellant guilty beyond a reasonable doubt is against the great weight
and preponderance of the evidence.  Watson,
204 S.W.3d at 417. 
We therefore find the evidence to support the judgment that appellant
used and intended to use a deadly weapon, to-wit, a knife, that in the manner
of its use and intended use was capable of causing death and serious bodily
injury to be factually insufficient. 
Appellant’s first issue is sustained.

Conclusion

            Having
found the evidence factually insufficient, we reverse and remand this matter to
the trial court for further proceedings consistent with this opinion.

                                                                                                

 

 

Mackey K. Hancock

                                                                                                            Justice

 

Do
not publish.  











[1] See Tex.
Penal Code Ann. § 22.02(a)(2) (Vernon Supp.
2009).

 





[2] This was a reference to appellant’s prior conviction
for assault that resulted in a fine of $500 and 15 days in jail.  Appellant believed that Skyler’s
uncle, Tom Pena, had been the person who reported the assault to the police.

 





[3] During direct examination, Skyler
estimated the length of the blade by demonstrating its length on a ball point
pen.  The prosecutor then measured that
length with a ruler.